George W. Baker *v.* Oliver B. Cannon & Sons, Inc. and Fidelity & Casualty of New York. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Oliver B. Cannon & Sons, Inc. and Fidelity & Casualty of New York, Appellants.

Argued June 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*David L. Pennington,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellants.

*David N. Rosen,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 18, 1976:

This is an appeal by Oliver B. Cannon & Sons, Inc., employer, and Fidelity & Casualty of New York, insurance carrier (Appellants), from an opinion and order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee awarding George W. Baker (Claimant) benefits. We affirm.

The first question raised on appeal is whether Claimant was in his course of employment at the time he suffered the injury. This question, while one of law, must be based upon facts. *Farrell v. The House of Seagram, Inc.,* 8 Pa. Commonwealth Ct. 69, 301 A.2d 121 (1973).

Claimant was employed by Appellant as a spray painter. For a three-week period prior to his injury, Claimant had been working in Luke, Maryland, where he had been sent by Appellant after working on a job in Covington, Virginia. Appellant's superintendent had ordered Claimant to go to Covington and then on

to Luke. While in Luke, he was told by the superintendent to return to Covington upon completion of the Luke work. Having completed the work, he waited five days to receive his paycheck and then proceeded to Covington. While en route, he was involved in an automobile accident, which is the basis of his claim. Claimant indicated that he had assumed he was going to Covington to continue working on the job left when he was ordered to Luke.

An injury arises in the course of employment under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. (Act), if it is sustained while the employe was actually engaged in the furtherance of the business or affairs of the employer. *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). Although there is contradictory testimony, the referee, as the finder of facts, is the judge of the credibility of witnesses and must determine the weight to be given conflicting evidence. *Forbes Pavillion Nursing Home v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). As always, where the party with the burden of proof prevails below, review by this Court is to determine whether constitional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Forbes, supra.* Given the remedial nature of the Act, the liberality of construction in favor of the employe, *Cleland Simpson Co. v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 566, 332 A.2d 862 (1975), and that on an employer's appeal, the claimant is entitled to the benefit of the most favorable inference deductible from the evidence, *General Tire & Rubber v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975), we hold

Claimant was in the course of his employment when injured.

Second, was competent evidence disregarded concerning Claimant's availability for work? In a workmen's compensation case, the question of whether the claimant is totally disabled is one of fact requiring for its determination medical evidence and a consideration of such factors as the mental outlook, background and education of the claimant, the kind of work the claimant can presently perform, and the availability of such work. *Workmen's Compensation Appeal Board v. McGraw Edison*, 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975); *Roseman Brothers, Inc. v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 462, 311 A.2d 160 (1973).

That the referee, as the finder of facts, accepted the testimony of one competent medical expert and rejected contrary testimony of an equally competent expert does not mean there was a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. International Furnace*, 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975).

After a complete review of the record, we conclude the finding of the referee was based on competent evidence.

We therefore

ORDER

AND Now, this 18th day of August, 1976, the order of the Workmen's Compensation Appeal Board is affirmed.