Sigmund M. St. Denis, Petitioner *v.* Workmen's Compensation Appeal Board and Hercoform, Inc., Respondents.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John A. Mihalik,* with him *Hummel, James & Mihalik,* for petitioner.

*James K. Martin,* with him *James N. Diefenderfer,* for petitioners.

Opinion by Judge Wilkinson, Jr., March 24, 1977:

This case is an appeal from an order of the Workmen's Compensation Appeal Board (Board) denying claimant workmen's compensation benefits. We affirm.

Claimant has suffered from a long history of back ailments. After falling down a flight of stairs in 1968, claimant underwent two lumbar disc operations and a myelogram. His condition was further exacerbated by trauma suffered in 1970 while lifting a 200 pound keg of soda. On April 14, 1972, while working for the defendant, claimant fell into an open stairwell, falling about two feet to the floor. After the accident claimant was medically examined and returned to work. Claimant continued working, performing his usual duties although he was under medical treatment. On August 31, 1972, his employment was terminated by the defendant. Claimant filed a claim petition on June 22, 1973. Hearings were held at which conflicting medical testimony was presented. The referee's central finding reads:

7. We find as a fact that the claimant is presently totally disabled as a result of adhesive lumbar arachnoiditis of the nerve elements and that this disease process is the result of operative and diagnostic procedures caused by the accidental injury of August 1, 1968. We find as a fact that claimant's disability is due to the natural progression of his pre-existing disability and was not caused by the accident of April 14, 1972.

The referee's denial of benefits was affirmed by the Board and this appeal followed.

Claimant's first ground for appeal is that the defendant did not specifically deny in his answer facts alleged in claimant's claim petition as required by Section 416 of the Pennsylvania Workmen's Compen-

sation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §821 (Act) and that, therefore, the allegations should be deemed admitted. Section 416 reads in pertinent part:

> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the referee before whom the petition is heard from requiring, of his own motion, proof of such fact.

We agree that a defendant must specifically deny factual allegations in a claim petition.[1] We cannot agree, however, that "denied" and "proof demanded" are not specific denials within the meaning of Section 416. In interpreting Section 416 it is necessary to remember that workmen's compensation proceedings are not subject to strict rules of pleading, *Royal Factories v. Garcia,* 17 Pa. Commonwealth Ct. 59, 330 A.2d 864 (1975); *Schuey v. Kittanning Borough,* 72 Pa. Superior Ct. 582 (1919), so that defining "specifically denied" by analogy with the Pennsylvania Rules of Civil Procedure is not appropriate. We

---

[1] The Act of February 8, 1972, P.L. 25, added the phrase "in any other petition" to Section 416. The amendment shows a legislative intent to treat claim petitions differently from other petitions. "An apparent distinction seems to be drawn between an answer to a claim petition and an answer filed to 'any other petition.' Previously, the language of this section permitted the referee to allow the adverse party's testimony without treating as an absolute admission the failure or inadequacy of an answer, and this applied to any petition filed. Now it appears that the admission is irrevocably fixed with regard to undenied allegations in a claim petition, but this is not so with an undenied allegation or inadequate answer filed in reply or in response to any other form of petition, of which there are many." 1 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease,* §6.18(4) (1975).

believe that it is most consistent with the legislative intent to hold that "denied" and "proof demanded" specifically deny allegations in a claim petition. *Cf. Scott and Statesman Insurance Co. v. DeAngelis*, 3 Pa. Commonwealth Ct. 168, 281 A.2d 172 (1971); 1A. Barbieri, *supra*, §7.18(4). Under Section 416 a defendant fails to specifically deny a claim petition when allegations are unanswered or the answer is equivocal.

Claimant's reliance on 34 Pa. Code §111.43 (1970) is misplaced. It reads:

> Bare or blanket denials or statements that proof is demanded will not be deemed a compliance with this section nor with Section 416 of the Act (77 P.S. 821) and every answer so filed shall set forth all defenses with clarity and particularity . . . .

The rule was promulgated by the Board pursuant to Section 16 of the Act of July 21, 1919, P.L. 1077, *as amended*, 77 P.S. §112, which was repealed in 1972. Act of February 8, 1972, P.L. 23. *See* 2A. Barbieri, *supra*, §8.02. Present authority to promulgate procedural rules is not in the Board, but is in the Department of Labor and Industry under Sections 422 and 435 of the Act. 77 P.S. §§836, 991.[2]

Appellant also contends that the referee's findings are in capricious disregard of the evidence. We must reiterate that a capricious disregard of evidence is

[2] We recognize that *Isherwood v. Township of Penn Hills*, 13 Pa. Commonwealth Ct. 187, 318 A.2d 767 (1974) assumed that the defendant's answer of "denied" did not specifically deny the factual allegations in the claimant's petition. The meaning of neither "denied" nor "specifically denied" never had to be addressed since the case, decided under the previous version of Section 416, was disposed of on other grounds. The case is also readily distinguishable since it was decided before the repeal of Section 16 of the Act of July 21, 1919, P.L. 1077, *as amended*, 77 P.S. §112 which invalidated 34 Pa. Code §111.43 (1970).

the "willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge." *Rice v. A. Steiert and Sons, Inc.*, 8 Pa. Commonwealth Ct. 264, 272, 301 A.2d 919, 923 (1973). Where, as here, there is conflicting medical testimony a referee's believing the testimony of one doctor over that of another is not a capricious disregard of the evidence. *Baker v. Oliver B. Cannon and Sons, Inc.*, 26 Pa. Commonwealth Ct. 143, 362 A.2d 1150 (1976). Claimant simply failed to meet his burden of proof.[3]

Claimant also contends that portions of, rather than the complete, depositions of himself and of his medical expert, taken in connection with a separate civil suit, should have been admitted into evidence for the purpose of impeachment. While we do not believe that the claimant properly preserved his right to appeal, failing to object to specific portions of the depositions, our examination of them shows them to be relevant in their entireties. Claimant's other contentions are waived by his failing to preserve a right to appeal.

Accordingly, we will enter the following

ORDER

Now, March 24, 1977, the order of the Workmen's Compensation Appeal Board, dated July 17, 1975, Docket No. A-70567 is hereby affirmed.

---

[3] We note that a contrary result could not be upheld on appeal because of the admitted lack of unequivocal medical testimony relating the April 14, 1972 accident to claimant's present disability. This is not a case where such testimony is not needed because causation is direct and obvious. *Montgomery Mills Co. v. Workmen's Compensation Appeal Board*, 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976); *Workmen's Compensation Appeal Board v. Bethlehem Steel Corporation*, 23 Pa. Commonwealth Ct. 454, 352 A.2d 571 (1976). Claimant's extensive history of chronic back ailments and the testimony of his own medical witness that claimant was no longer disabled by the April 14, 1972 accident in June 1972, rebuts any obvious causal connection.