R. G. Johnson Company and Twin City Fire Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stratton J. Combs, Respondents.

Argued October 30, 1978, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Fred C. Trenor,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Benjamin L. Costello,* for respondents.

OPINION BY JUDGE MACPHAIL, January 12, 1979:

This is an appeal by R. G. Johnson Company (Company) and its insurer from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of benefits to Stratton J. Combs (Claimant) whom the referee found to be perma-

nently and totally disabled by anthraco-silicosis. We affirm.

Claimant had been employed by various coal companies from 1945 to 1946, and from 1950 to July 31, 1973. He was last employed by the Company as a driller. On January 6, 1975, the Claimant filed his claim for benefits under the provisions of Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1. After hearing the testimony of the Claimant and the employer's representative and considering the depositions of the medical witnesses (one for Claimant and one for the Company), the referee found that the Claimant became totally and permanently disabled due to anthraco-silicosis and that that disability resulted in whole or in part from his exposure to the hazard of coal dust while employed in the coal mining industry and particularly by the Company, his last employer.

The Company contends that the award should be set aside because there was not substantial competent evidence to support the referee's findings and because the presumption set forth in Section 301(e) of the Act[1] was overcome by the Company's countervailing evidence.

Concerning the question of permanent and total disability, Dr. Ianuzzi, the Claimant's physician, testified as follows:

---

[1] If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.
77 P.S. §413.

It is my professional opinion that Stratton Combs is totally and permanently disabled due to coal worker's pneumoconiosis and that this condition is the result of his exposure to dust while working in the coal mines.

A more direct statement of total and permanent disability can hardly be imagined. In his deposition the doctor was carefully cross-examined regarding the basis for his opinion and the referee and the Board concluded that the opinion was supported by sufficient facts. We agree. While the Company's physician admitted that the Claimant was afflicted with anthracosilicosis, he opined that the Claimant was still capable of work as long as he was not exposed to coal dust. The conflict in the medical evidence was properly resolved by the referee. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

The referee found as a fact that the Claimant was exposed to coal dust after June 30, 1973. The Company alleges that there is not substantial evidence for this finding. After testifying that when he was drilling coal there was so much dust that he could not see the man working next to him, the Claimant was asked in direct examination whether that condition existed between July 1, 1973, and July 31, 1973. His reply was in the affirmative. Again, this witness was carefully cross-examined by counsel for the Company but the Claimant maintained his original position and stated in answer to a question on cross-examination that between July 1, 1973, and July 31, 1973, he was "working on the bottom." It is true that the employer's representative testified to the contrary and stated categorically that the Claimant could not have done any drilling after June 30, 1973. Again, the referee resolved that conflict as it was his duty to do and we conclude

that there was substantial evidence for him to conclude as he did, that the Claimant was exposed to an occupational disease hazard after June 30, 1973.

We find no merit in the Company's contention that when the Company presented evidence that the Claimant was not exposed to an occupational disease hazard after June 30, 1973, the presumption arising under Section 301(e) became inoperative for the very obvious reason that the referee found that the presumption simply was *not* rebutted by the Company's evidence. It is the referee's prerogative to determine the credibility of witnesses. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). We find no abuse of the referee's exercise of his authority in the instant case.

In appeals from orders of the Workmen's Compensation Appeal Board, this Court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed or any necessary findings of fact are unsupported by substantial competent evidence. *Joseph Horne Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974). No constitutional issue has been presented to us. We find no errors of law. We are satisfied that there is substantial evidence to support the referee's findings.

## Order

And Now, this 12th day of January, 1979, the decision of the Workmen's Compensation Appeal Board, dated August 18, 1977, awarding disability benefits to Stratton J. Combs, is affirmed.

It is so ordered that judgment be entered in favor of Stratton J. Combs against R. G. Johnson Company and Twin City Fire Insurance Company at the rate of $100.00 per week beginning December 4, 1974.

Of the said weekly amount of $100.00, the Commonwealth of Pennsylvania shall be liable for the payment of fifty percent thereof and R. G. Johnson Company shall be liable for the payment of fifty percent thereof.

The above award against R. G. Johnson Company, only shall bear interest on all deferred payments of compensation at the rate of ten per centum per annum.

Also to be awarded Claimant are $1500.00 attorney's fees out of the first lump sum amount due Claimant pursuant to the within award and $212.00 costs incurred by Claimant's attorney. The balance of the first lump sum to be paid directly to the Claimant.