Emma Jean Smith, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Blue Ridge Winkler Textiles, Respondents.

Argued September 29, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Philip D. Lauer,* for petitioner.

*John P. Lenahan,* with him *Lenahan, Dempsey, Murphy & Piazza,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MacPHAIL, January 25, 1979:

Emma Jean Smith (Claimant) seeks workmen's compensation benefits as a result of an injury she allegedly sustained on September 26, 1975. She testified that she stepped in a hole on the floor where she was working and injured her back. She had been denied benefits by the referee and the Workmen's Compensation Appeal Board (Board). The sole issue is whether the accident ever happened.[1]

---

[1] Claimant raises before us the issue of whether the referee properly conducted the hearings. However, since this issue was not raised before the Board, it is therefore deemed to be waived. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 281, 305 A.2d 913 (1973).

In the referee's findings of fact he states:

23. The Referee finds that Claimant's testimony concerning the occurrence of a work-related fall on September 26, 1975 and her testimony that she never had a pain in her back prior to September 26, 1975 to be unworthy of belief.

The referee is the ultimate fact-finder unless the Board takes additional testimony. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). However, the referee may not capriciously disregard competent evidence. A capricious disregard of competent evidence is a willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *St. Denis v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977). In its opinion, the Board in the case now before us carefully reviewed all of the relevant testimony and concluded that the referee's failure to believe the Claimant was not a capricious disregard of any evidence, but rather that the referee was merely exercising his prerogative.

After our own careful review of the record, we cannot hold as a matter of law that the Claimant's testimony was such that a person of ordinary intelligence could not challenge it. There are simply too many unexplained omissions and inconsistencies in that testimony.

Accordingly, we affirm.

### ORDER

AND Now, this 25th day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated October 27, 1977, affirming the referee's denial of benefits is affirmed.