Penn Del Supply Company and Sentry Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Sharp, Respondents.

Argued September 14, 1979, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

404

*Charles S. Katz, Jr.,* with him *Swartz, Campbell & Detweiler,* for petitioners.

*John H. Spangler,* with him *Wood, Parke, Barnes & Byrne,* for respondents.

OPINION BY JUDGE MACPHAIL, November 27, 1979:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the award of benefits to John A. Sharp (Claimant). We affirm.

Penn Del Supply Company (Employer) and Sentry Insurance Company (collectively, Petitioners) contend before us that the referee capriciously disregarded competent evidence of the availability of work to the Claimant and failed to make a specific finding with respect to an offer of part-time employment allegedly made by Employer to Claimant.

Claimant worked for Employer for 26 years as a truck driver hauling, among other things, feed grains. In the three years prior to terminating his employment on June 18, 1976, Claimant began to suffer physical discomfort in the form of coughing, wheezing and shortness of breath. His malady was finally diagnosed by his physician as hypersensitive pneumonitis. When

he could no longer perform his regular duties, he terminated his employment and applied for benefits under Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(n), relating to occupational diseases.

After several hearings the referee concluded that Claimant was totally disabled for any kind of work within his capabilities from an occupationally related disease which occurred because of conditions peculiar to Claimant's employment and, as such, was not common to the general population. Employer does not contest the referee's conclusion that Claimant is suffering an occupationally related disease but does contend that Claimant's disability is partial rather than total.

At the hearings before the referee, Claimant, his physician and a psychologist who examined Claimant testified for Claimant. Employer's president and a vocational and rehabilitation consultant testified for Petitioners. Claimant's physician testified that Claimant would always have difficulty with the two feed grains that caused his problem and that even "minute" continued exposure to them would make Claimant a "pulmonary cripple." However, that witness also testified that as long as Claimant was not exposed to those specific feed grain dusts, he would have no problems and there would be no reason why Claimant could not perform work where there was no such exposure. Claimant testified that after June 18, 1976, he attempted to find other employment but discovered that he also had breathing problems around floor polish and ammonia. Claimant testified that he had asked his boss if another job was available which would keep him away from the dust problems and, according to Claimant, the response was in the negative. Employ-

er's president testified that he would like to have Claimant try a part-time job driving a truck with loads other than feed grains. That witness admitted, however, that even that job might require Claimant to enter a warehouse where feed grains were stored. The vocational and rehabilitation consultant called by Petitioners to answer a hypothetical question which incorporated the substance of all of the testimony relating to Claimant's physical condition, employment skills, age, education, etc., *except* Claimant's own testimony regarding his adverse reaction to substances other than feed grains, opined that a number of jobs in the area where Claimant resided were available to him and were within his physical capabilities. The witness admitted that he had never seen or questioned the Claimant but did have available to him a summary of the testimony regarding Claimant's employment history and physical condition. Finally, in rebuttal, Claimant called a psychologist who testified that in his opinion Claimant could not work at any job for at least three to six months from the date of the hearing and then only after the introduction of appropriate psychological services.

After hearing that testimony, the referee made the following critical findings of fact:

Claimant has not been offered employment by Defendant which does not involve contact with organic dust, nor has it been shown that there is work, within the Claimant's capabilities available to him, the Claimant, within the area in which he lives.

Although Defendant's expert vocational counseling witness contended [*sic*] himself with a listing of several job openings which he says existed, at, about, or since Claimant's disability began, he failed to show that any of these jobs were actually available to Claimant within the

capabilities and limitations to which he, the Claimant, was subjected.

Claimant has himself sought other employment but thus far has been unable to find work that he can do and the Referee finds that Claimant is thereby totally disabled.

Petitioners contend that the referee capriciously disregarded Employer's testimony that a part-time job with Claimant's physical capabilities was available to Claimant. In the circumstances of this case the burden is on Petitioners to prove that work was available to Claimant and that Claimant was capable of doing the work. *Dreher v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978). As we have noted, Claimant testified that he had asked if there was other work and had been told that there was none. Moreover, Claimant's physician testified that even a minute exposure to the grain dust would have dire consequences for Claimant. In view of that conflicting testimony, we cannot say that there was a capricious disregard of competent testimony, which is a willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *Smith v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 117, 396 A.2d 905 (1979).

Next, Petitioners argue that their vocational and rehabilitation counsellor's testimony was capriciously disregarded. As we have noted, the hypothetical question (to which objection was made notwithstanding Petitioner's argument to the contrary) was not completely accurate because it was limited to a consideration of Claimant's problems with organic feed grains, whereas Claimant had testified to breathing difficulties around other specific substances as well. Of even greater moment, however, is the testimony of the psychologist who said that, on the basis of his examina-

tion, Claimant is not able to perform any job. Again, we must conclude that there has been no capricious disregard of competent testimony under such circumstances.

Petitioners contend that because Claimant went out seeking other work, the only fair inference to be drawn from that fact is that he was not totally disabled. On the contrary, the fact that Claimant found no work which was within his physical capability of performing is at least some evidence from which it may be inferred that he *is* totally disabled. In any event, it is not capricious disregard of competent testimony.

Finally, Petitioners contend that the referee made no specific finding of fact regarding the part-time truck driver job allegedly offered by Employer to Claimant. The argument ignores the specific finding by the referee that "Claimant has not been offered employment by Defendant which does not involve contact with organic dust." Certainly that finding encompasses the truck driving job which Employer says was offered. We hold the argument to be without merit.

ORDER

AND Now, this 27th day of November, 1979, the order of the Workmen's Compensation Appeal Board dated August 7, 1978, affirming an award of benefits to John A. Sharp is affirmed and judgment is entered in favor of John A. Sharp and against Penn Del Supply Company and Sentry Insurance Company. It is ordered that Penn Del Supply Company or Sentry Insurance Company shall pay the said John Sharp for total disability at the rate of $107.23 per week beginning June 18, 1976, and indefinitely thereafter subject to the provisions and limitations of the Workmen's Compensation Act. The Employer/insurance carrier may take credit for group non-work related sick and accident insurance benefits paid Claimant for the

period from June 18, 1976, up to and including September 14, 1976, a total of $635.71, and Pennsylvania Unemployment Compensation benefits paid Claimant at the rate of $80.00 per week covering the period from November 14, 1976, up to but not including November 14, 1977, a total of $4,160.00.

Deferred payments of compensation shall bear interest at the rate of 10 per cent per annum from the due date thereof.

The Employer/insurance carrier shall also pay the sum of $85.00 to Dr. John Walter Valenteen for his appearance and testimony at the hearing before the referee.

Claimant's counsel is awarded 20 per cent of the net recovery to Claimant after taking into account the credits hereinbefore noted and said counsel fee shall be paid directly to John H. Spangler, Esquire, from and as a charge against the above award.