Duquesne Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert Sweeney, Respondents.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John A. Lee*, for petitioner.

*Sandra S. Christianson*, with her *Larry A. Makel*, Assistant Attorneys General, for respondents.

OPINION BY JUDGE WILKINSON, JR., January 18, 1980:

This is an appeal by petitioner (employer) from an order of the Workmen's Compensation Appeal Board (Board) affirming an award of benefits to the respondent (claimant) and placing the burden of full payment on employer rather than dividing it with the Commonwealth. We affirm the award but reverse the placing of the full burden of payment on the employer and place 25% on the Commonwealth.

Claimant worked as a coal miner for employer from 1940 to August 17, 1976. On March 24, 1976, claimant suffered a knee injury for which he drew compensation until his recovery from the knee injury on August 9, 1976 when he signed a final receipt that he could return to work "without loss of earning power due to the injury." During this period of incapacity due to the knee injury, *i.e.*, in June, 1976, claimant was examined by his own doctor and found to be to-

tally and permanently disabled from coal worker's pneumoconiosis. He was told not to return to work. In fact, after he recovered from the knee injury, he attempted to return to work. At most he worked between August 9th and August 17th, although there is only positive evidence that he worked on the 17th. He returned to his doctor and secured a letter, dated October 1, 1976. The letter is in the record as claimant's exhibit No. 1. It states unequivocally that claimant "was found to be totally and permanently disabled" when the doctor examined him in June, 1976. Other evidence shows the examination took place on June 18, 1976.

After two hearings, the referee awarded workmen's compensation benefits to claimant, fixing October 1, 1976, as the date of total and permanent disability from coal worker's pneumoconiosis. This is a compensable occupational disease under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Act of December 6, 1972, P.L. 1627, 77 P.S. §27.1(q). This was affirmed by the Board.

The first issue presented is whether there is substantial evidence to support the finding that claimant was totally disabled from coal worker's pneumoconiosis. While the case is not as clear as many are, nevertheless a careful reading of the entire record leads us to conclude that it does support the finding.[1] Our limited scope of review under these circumstances was recently set forth by Judge MacPhail in *R. G. Johnson Co. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 22, 396 A.2d 872 (1979) making it unnecessary to repeat it here.

---

[1] Petitioner properly points out that the referee, in his opinion, refers to an x-ray report that was offered but, on objection, was not admitted. Of course, this is error but a review of the entire record indicates it was harmless.

On the other hand, the same careful review of the record reveals that all the substantial evidence dictates a finding of total and permanent disability on June 18, 1976. Of course, there is evidence that he was totally and permanently disabled on October 1, 1976, but none that that is the date when it began. The referee refers to claimant's return to work in August. However, this return to work for at most a few days only served to confirm the earlier determination that he was totally disabled. This is in no way similar to *Airco Speer Carbon v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978) where the claimant worked well over two months.

Since the date of claimant's total disability was in June, 1976, the employer is liable for the payment of 75 percent of the benefits to which claimant is entitled as provided for in Section 305.1 of the Act, 77 P.S. §411.1, and the Commonwealth is liable for the payment of 25 percent of the benefits to which claimant is entitled.[2]

Accordingly, we will enter the following

ORDER

AND Now, January 18, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-74937, dated January 11, 1979, affirming the award of workmen's compensation benefits to Robert Sweeney, is reversed, and the case is remanded to the Board for the calculation and entry of an appropriate award, consistent with this opinion.

Judge DiSALLE did not participate in the decision in this case.

---

[2] The Board takes the position that the petitioner has abandoned the issue of the Commonwealth's liability by not addressing it with sufficient particularity in the Statement of the Questions involved. We find no merit in this argument. The issue of the date of disability is expressly stated.