Crucible Steel, Incorporated, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Raymond Tepsic, Respondents.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*William F. Henkel,* of *Greenlee, Richman, Derrico & Posa,* for petitioner.

*Edwin H. Beachler,* of *McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Raymond Tepsic.

OPINION BY JUDGE BLATT, March 13, 1980:

Crucible Steel, Inc. (employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Dorothy Tepsic (claimant) widow of Raymond Tepsic (decedent).

The decedent was employed in the bricklaying department of the employer for approximately forty years. On August 9, 1976, he filed his claim for benefits pursuant to the occupational disease provisions of The Pennsylvania Workmen's Compensation Act.[1] After hearing the testimony of the decedent and con-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

sidering the depositions of the medical witnesses (one for the decedent and one for the employer), the referee found that the decedent became totally and permanently disabled due to silicosis and anthracosilicosis resulting from his total and cumulative exposure to silica and other dusts during all of his employment in the steel industry.

The employer contends that the award should be set aside because the referee's finding is not based on substantial evidence. It cites the testimony of the decedent's doctor to the effect that upon examination of the decedent in April of 1976 he was unable to detect ventilatory impairment but, following the decedent's lung surgery, the same doctor found severe impairment in August of 1976. It is the employer's contention that the decreased pulmonary function was due, not to the decedent's exposure to silica, but rather to his lung surgery which the referee expressly found was not job-related.

Where a challenge is made to the sufficiency of the medical evidence in workmen's compensation cases, this Court has expressly held that the referee is the sole judge of the credibility of medical witnesses before him. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 610, 399 A.2d 1178 (1979). The decedent's doctor testified that he had found evidence of pneumoconiosis at the time of the April examination but did not make a determination with regard to the decedent's disability at that time because he was primarily concerned with the decedent's tumor and the need for further investigation of it. On August 5, 1976, however, the doctor once again examined the decedent and made the following statement with regard to the decedent's condition: "The patient is obviously totally and permanently disabled on the basis of pulmonary disease. ... In my opinion he would be totally and permanently

disabled on the basis of the silicosis and anthraco-silicosis even in the absence of his carcinoma of the lung." As we said in *R. G. Johnson Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 22, 25, 396 A.2d 872, 873 (1979), "A more direct statement of total and permanent disability can hardly be imagined." And here as in that case, the doctor was carefully cross-examined regarding the basis for his opinion, and both the referee and the Board concluded that his opinion was supported by sufficient facts. While the employer's physician testified here that he also found evidence of pneumoconiosis, it was his opinion that the condition was not disabling in and of itself. This conflict in the medical evidence was properly resolved by the referee, *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), and, because we believe that his findings are based on substantial competent evidence, we will affirm.

## ORDER

AND Now, this 13th day of March, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby affirmed and judgment is entered in favor of the claimant, Dorothy Tepsic against Crucible Steel, Incorporated in the amount of $106.00 per week for a period commencing August 5, 1976, and continuing until August 20, 1978, with interest at the rate of ten percent annum. It is further ordered that Crucible Steel, Incorporated reimburse claimant's counsel in the amount of $520.10 for reasonable costs incurred in the prosecution of the claim. It is also directed that attorney's fees of $2,259.31 are to be paid by Crucible Steel, Incorporated to Edwin H. Beachler, Esquire, such sum to be payable out of the claimant's share of distribution.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.