Steven Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kroger's Company, Respondents.

Submitted on briefs to Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Eric C. Rome,* of *Ecker, Ecker, Zoffer & Rome,* for appellant.

*David M. McCloskey,* of *Will & Keisling,* for respondent.

OPINION BY JUDGE MACPHAIL, March 25, 1980:

Steven Snyder (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee denying Claimant's petition to set aside a final receipt he executed on a workmen's compensation claim. Claimant argues on this appeal that the referee capriciously disregarded competent evidence and erred as a matter of law in denying his petition to set aside the final receipt. For the reasons which follow, we affirm.

Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001, provides that a final receipt executed by an employee entitled to compensation under a compensation agreement or award constitutes prima facie evidence of the termination of the employer's liability to pay such compensation. A claimant attempting to set aside a final receipt has the burden of proving by

clear and convincing evidence that all disability attributable to the prior work related injury had not in fact terminated when the final receipt was executed. *Akers Central Motor Lines v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 185, 187, 403 A.2d 206, 207 (1979). In order to find that the referee capriciously disregarded competent evidence in rendering his decision, we must determine that he wilfully and deliberately disbelieved an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *Penn Del Supply Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 403, 409, 408 A.2d 204, 205 (1979). Questions concerning the credibility of witnesses, the resolution of conflicts in the testimony, and the weight to be given the evidence, are matters for determination by the referee, not this Court. The referee may accept or reject the testimony of any witness in whole or in part. The party prevailing below is entitled to the benefit of the most favorable inferences to be drawn from the evidence on appeal. *Shenango Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 10, 405 A.2d 1086, 1087 (1979); *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 265, 398 A.2d 1105, 1106 (1979).

Claimant was employed by Kroger's Company (Employer) as a meathandler. On March 24, 1976, he suffered a work related injury. He received workmen's compensation benefits of $149.34 per week from the time of his injury until June 28, 1976 when he executed the final receipt here in question. Claimant returned to work for Employer on June 30, 1976.[1] He

---

[1] Claimant had attempted to return to work on June 7, 1976, but found the work to be too strenuous and left after thirty minutes on the job.

did not return to work after that day. On September 10, 1976, he filed a petition to set aside the final receipt alleging that he "reinjured" his back on June 30 and that he was entitled to further workmen's compensation benefits.[2] Following a hearing, at which Claimant and five other witnesses testified, and the receipt of depositions and medical reports from a total of four physicians, the referee made findings of fact and conclusions of law and denied Claimant's petition. The Board, without receiving additional evidence, affirmed.

Claimant bases his allegation of capricious disregard of competent evidence on the fact that the referee, in reaching his conclusion, did not refer to testimony given by Dr. Heath, the physician who treated Claimant's work related back injury. Instead, the referee relied on the testimony of Dr. Norman Minde, a physician deposed on behalf of Employer, who testified that on June 23, 1976, he found Claimant to be fully recovered and able to return to his former employment as a meathandler on June 28, 1976.[3] A conflict in medical testimony, just as a conflict in any testimony, is a matter for the referee to resolve, *R. G. Johnson Co. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 22, 25, 396 A.2d 872, 873 (1979), and the referee's accepting the testimony of one doctor and rejecting that of another does not constitute a capricious disregard of competent evi-

---

[2] A petition to set aside a final receipt addresses the issue of whether a prior disability has or has not terminated. Because of Claimant's allegation that he "reinjured" his back, however, the referee made findings of fact and conclusions of law concerning the original disability and the alleged reinjury.

[3] Dr. Minde also testified that Claimant should refrain from heavy lifting (which he described as lifting more than seventy pounds), but he attributed this limitation not to Claimant's back injury but rather to his obesity.

dence, *St. Denis v. Workmen's Compensation Appeal Board*, 29 Pa. Commonwealth Ct. 375, 380, 371 A.2d 252, 254 (1977) ; *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 152, 155, 331 A.2d 221, 222-23 (1975). Furthermore, the referee did not err in accepting the testimony of a physician who had examined Claimant only once as opposed to his personal physician who had treated him from the time of his original injury. *Workmen's Compensation Appeal Board v. Vitello*, 33 Pa. Commonwealth Ct. 172, 380 A.2d 1326 (1977). Our review of the entire record in this case fails to support Claimant's evidentiary challenge.

We also hold that the referee and Board did not err as a matter of law in denying Claimant's petition. Claimant correctly states that a petition to set aside a final receipt requires a determination of Claimant's disability on the date that the receipt was executed. *Akers Central Motor Lines v. Workmen's Compensation Appeal Board*, at 187, 403 A.2d at 207. He alleges that the referee erred in relying on physicians' reports resulting from their examinations of Claimant subsequent to the execution of the receipt and his attempted return to work. Claimant's argument is misdirected.

The referee did find as facts that Claimant was examined on August 3, 1976 and January 10, 1977 and, in the opinions of two doctors, was not disabled. These findings support the referee's conclusion that Claimant *did not reinjure himself on June 30*. The referee's conclusion that Claimant *was not disabled on June 28, 1976* when he executed the final receipt was based on *Dr. Minde's finding that he was not disabled as of June 23, 1976*.[4] Claimant again argues that the ref-

---

[4] We note that even had the doctors expressed an opinion concerning Claimant's condition on June 28, following the August 3 and January 10 examinations, the time lapse between June and the ex-

eree overlooked the testimony of Dr. Heath which supported Claimant's allegation that he was still disabled when he executed the final receipt. As we stated earlier, the conflicting testimony was a matter to be resolved by the referee. The referee's conclusion that Claimant was not disabled when he executed the final receipt is based on competent medical evidence gained from an examination of Claimant performed only five days before the receipt was signed. The referee did not err as a matter of law in concluding that there was no basis upon which to set aside the final receipt and the Board did not err in affirming that conclusion.

Order affirmed.

### ORDER

AND Now, this 25th day of March, 1980, the Order of the Workmen's Compensation Appeal Board, Docket No. A74398, dated February 8, 1979, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

amination dates would affect only the weight to be given the evidence, not its competence. *American Chain and Cable Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 574, 578, 391 A.2d 50, 53 (1978).