Roadway Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John B. Suveg, Respondents.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Michael I. Levin*, of *Cleckner and Fearen*, for petitioner.

*Thomas J. Sharkey*, for respondent, John B. Suveg.

Opinion by Judge MacPhail, October 6, 1980:

Roadway Express, Inc. (Employer) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of a petition to terminate the benefits of John B. Suveg (Claimant). For the reasons which follow, we affirm.

Claimant suffered an injury in the course of his employment with Employer as a line haul driver when, on January 24, 1976, his tractor trailer hit a drainage hole causing Claimant to strike his head on the ceiling of the truck's cab. Claimant continued to work until July 1, 1976 at which time he claimed total disability as a result of his injury. Pursuant to a referee's order dated October 21, 1976, which was based upon an agreement between the Claimant and Employer, the Employer paid compensation to the Claimant for total disability retroactive to July 2, 1976. A supplemental agreement was entered into by the parties on October 22, 1976 which stated that the status of the Claimant's disability had changed from total to partial disability.[1]

Employer filed a petition to terminate compensation on November 7, 1977 accompanied by an affidavit by a physician certifying that Claimant could return to work without limitation. Employer ceased the payment of compensation as of November 7, 1977.[2]

After three hearings the referee denied Employer's petition to terminate, finding that Claimant suffered from a partial disability and was entitled to a reduced rate of compensation based on a demonstrated ability

---

[1] Compensation payments were continued by the agreement at the original rate of $187.00 per week. The agreement was not filed with the department, as required by Section 409 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §733, until June 16, 1977.

[2] The petition and physician's affidavit operated as a supersedeas pursuant to Section 413 of the Act, 77 P.S. §774.

to earn wages.[3] The referee also awarded Claimant counsel fees and costs. On Employer's appeal to the Board the determination of the referee was affirmed as to the award of compensation and reversed with respect to the award of counsel fees.[4]

Employer argues in its petition for review before this Court that (1) the referee did not make a necessary finding of fact, to wit, whether or not the Claimant was able to resume his pre-injury occupation, (2) there was a capricious disregard of the evidence by the referee, and (3) the referee should have disqualified himself for bias and prejudice against Employer's expert medical witness.

It must be noted preliminarily that when the decision below is adverse to the party with the burden of proof, here the Employer, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *A-1 Motors, Inc. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 238, 385 A.2d 632 (1978).

In determining whether a remand is appropriate to require a finding of fact as to the ability of Claimant to resume his pre-injury work we reiterate the rule that when the party with the burden of proof fails to prevail below, findings of fact are sufficient if they support the conclusion that the party has failed to sustain any element of its burden. *Workmen's Com-*

---

[3] The referee found that monies advanced to Claimant by his sister and brother-in-law were evidence of his ability to earn at least the amount advanced in light of the assistance rendered by Claimant in the operation of his relatives' gasoline station. This finding is not in dispute in the present appeal and, therefore, is not addressed by this opinion.

[4] The reversal as to counsel fees has not been appealed by Claimant and, therefore, is not addressed by this opinion.

*pensation Appeal Board v. Morton,* 22 Pa. Commonwealth Ct. 577, 349 A.2d 773 (1976). In a proceeding involving a termination petition the employer has the burden of proving that the claimant's disability has ceased or has been reduced to partial disability *and* that work is available for which claimant is qualified and able to perform. *Atlantic Richfield Co. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 140, 391 A.2d 1339 (1978).

The referee in the present case concluded from the medical testimony presented that Claimant "suffers a partial disability of undetermined degree." Employer, however, failed to offer evidence to demonstrate the availability of suitable work. We note that a policy of Employer, in fact, resulted in preventing Claimant from attempting to work as a "yard jockey," a position for which Claimant could obtain a medical release to perform and to which his union had no objections. Employer's policy requires that before a disabled employee may return to work in any capacity he must obtain a full medical release stating that he can perform his pre-injury position.[5] Claimant's physician refused to grant such a release. A finding as to Claimant's ability to resume his pre-injury employment is not essential in light of Employer's failure

---

[5] The testimony, elicited on cross-examination, of Daniel J. Sullivan, a management employee of Employer, is illustrative:

Q. You agree that Mr. Suveg is willing to return to work?

A. He states that he is willing to return to work in the classification of jockey.

Q. He is being prevented to perform that capacity because of Roadway policy?

A. Yes, sir.

Q. Even though he has successfully bid the job in April of 1978?

A. Well, it's the company policy that he has to have a full release from his doctor.

to produce evidence as to the availability of work. Furthermore, the referee's finding of partial disability and the refusal of Claimant's physician to grant a full medical release when viewed in conjunction with Employer's policy of requiring such a medical release demonstrate that Claimant could not possibly resume his pre-injury position as a truck driver. We conclude that the referee's findings are adequate and clearly demonstrate that Employer has failed to meet his burden of proof. The requested remand order is, therefore, denied.

Employer's second argument raises the question of whether or not the referee acted in capricious disregard of evidence when he relied on the testimony of Claimant's physician, Dr. Jeffreys. A capricious disregard of evidence is the willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *St. Denis v. Workmen's Compensation Appeal Board*, 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977). After a careful review of the entire record we conclude that there is substantial competent evidence to support the referee's findings. While Employer details in his brief several alleged discrepancies and conflicts in the testimony it is well settled that questions of credibility and the resolution of conflicts in the testimony as well as the weight to be given the evidence, are matters for the referee to determine. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). "A conflict in medical testimony, just as a conflict in any testimony, is a matter for the referee to resolve. . . . [T]he referee's accepting the testimony of one doctor and rejecting that of another does not constitute a capricious disregard of competent evidence. . . ." *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa.

Commonwealth Ct. 227, 230, 412 A.2d 694, 696 (1980). (Citations omitted.)

Without discussing each of the alleged conflicts raised by Employer, suffice it to say that there is clearly substantial evidence in the record to support the conclusion that Claimant continues to suffer partial disability.[6] Claimant's physician testified that his conclusion that Claimant could not resume his pre-injury employment was based on a total examination and did not rest on any one isolated finding. The doctor also expressed his opinion that Claimant's condition, which at times caused weakness in his right arm, was such that it would be unsafe to permit him to return to a truck driving position. Dr. Gutterman, an impartial medical examiner, testified that if driving exacerbated Claimant's pain, as Claimant indeed testified, he should not be required to resume that position. Dr. Friedmann, testifying on behalf of Employer, suggested the possibility that Claimant may have a "very mild herniated cervical disc" and that he would advise continued treatment until Claimant was "completely normal." Finally, we repeat that the credibility of Claimant's testimony and that of all other witnesses, is a matter for the referee to resolve and is not within the scope of review of this Court. This Court, therefore, finds that the referee did not

---

[6] Employer objects to the referee's refusal to allow its witness, Ronald Kropf, to express a lay opinion with respect to the relative physical demands of the positions of line haul driver and yard jockey. Under §418 of the Act, 77 P.S. §833, the referee is the finder of fact. The general rule as to the admissibility of opinion evidence is that if all the facts necessary to render an opinion are before the fact finder and the fact finder is in as good a position as the witness to draw inferences from the facts, the opinion of the witness is inadmissible. 15 P.L.E. *Evidence* §352 (1959). In the present case, the referee had the facts before him and could, based on those facts, reach an opinion as to the relative physical demands of each job position. We find no error in the referee's actions.

act in capricious disregard of the evidence and correctly found substantial evidence to support his decision.

Finally, Employer argues that the referee should be disqualified for bias and prejudice against Employer's expert medical witness. We find Employer's argument to be totally without merit. We find nothing in the record to indicate that the referee prejudged or held a bias against Employer's medical witness. The allegation of bias was specifically denied by the referee during the hearing on June 16, 1978.[7] The referee acted properly in denying Employer's motion for disqualification.

For the reasons stated above, we affirm the decision and order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 6th day of October, 1980, the petition of Roadway Express, Inc. for termination of benefits is denied and judgment is entered in favor of John B. Suveg and against Roadway Express, Inc. It is ordered that Roadway Express, Inc. shall pay John B. Suveg compensation for partial disability at the rate of $159.74 per week from July 15, 1977, and indefinitely thereafter subject to the provisions and limitations of The Pennsylvania Workmen's Compensation Act.

---

[7] In denying Employer's motion for disqualification the referee stated:

All I said [at the preliminary hearing], and I remember it quite distinctly was that I had a great deal of respect for the reports that came from Geisinger and I will repeat that. . . . Now, if you consider that prejudice, I am sorry. It wasn't intended to indicate any prejudice. . . . I knew nothing about Dr. Friedman [sic] and I so told you that. That doesn't mean for a moment that I would disregard his testimony or I would look upon it with less favor than I would look upon the testimony from Geisinger.

The Employer, having paid compensation to the Claimant at the rate of $187.00 per week from July 15, 1977 to November 7, 1977, shall be entitled to take credit for an overpayment in that period based upon an entitlement rate of $159.74.

Deferred payments of compensation shall bear interest at the rate of 10 per cent per annum from the due date thereof.