Perryzada Sihelnik, Petitioner *v.* Workmen's Compensation Appeal Board (National Sugar Refining Company and Aetna Life & Casualty), Respondents.

Submitted on briefs April 7, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Carl Soifer*, for petitioner.

*Michael B. Egan,* for respondents.

OPINION BY JUDGE CRAIG, May 11, 1983:

Claimant Perryzada Sihelnik appeals an order of the Workmen's Compensation Appeal Board, which affirmed the decision of the referee denying her petition to set aside a final receipt.

On May 19, 1977, while employed by National Sugar Refining Company, claimant fell and injured her right ankle, knee, arm and thumb. As a result of the injury, she received workmen's compensation until June 20, 1977, when she returned to work at the urging of Dr. Edgar Pennell, the employer's physician who had treated her. Thereafter, she signed a final receipt.

On December 9, 1977, the claimant left her job, complaining of severe pain in her right heel. Later she petitioned the referee to set aside the final receipt, alleging that the pain in her heel resulted from her injury of May 19, 1977.

To overturn the denial of her petition, the claimant, as the moving party, has the burden to prove "by clear and convincing evidence that all disability attributable to the prior work-related injury had not in fact terminated when the final receipt was executed." *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 229, 412 A.2d 694, 695 (1980).

Here, the claimant asserts that the testimony of Dr. Steven Puglisi, who first saw the claimant on May 22, 1978, establishes that the claimant's heel injury was related to her injury incurred on May 19, 1977. Dr. Puglisi, who saw the claimant on one other occasion, stated in his testimony that:

> It was my opinion that the spurs and calcification deposits [in the claimant's heel] were of longstanding at the time, more likely the spurs were not related to her original injury, but her symptoms appear to have been aggravated or irritated by the injuries she sustained, by her history.

The claimant contends that the referee relied on inadmissible evidence to support his finding that, "[c]laimant's pre-existing condition of bone spurs in her right heel was not aggravated by the injury of May 19, 1977 and any period of disability after June 20, 1977 [was] totally unrelated to the injury of May 19, 1977."[1] The claimant asserts that the evidence, a handwritten notation on a physician's notecard,

---

[1] Referee's Finding of Fact No. 7.

dated March 22, 1977 (before the accident), which read, "pain rt. heel Achilles tendon," was inadmissible because section 422 of The Pennsylvania Workmen's Compensation Act[2] provides that a physician's report cannot be admitted over a party's objection where the claim was not limited to twenty-five weeks or less. *See Young v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 265, 395 A.2d 317 (1979).[3]

However, contrary to claimant's assertion that this evidence was the sole basis for the referee's decision, the board, in its opinion, indicated that the testimony of Dr. Pennell, the treating physician, supported the referee's finding. Although Dr. Pennell indicated that the claimant may be unable to work on her feet, he opined that the bone spurs and heel problem causing this disability were not related to the claimant's work injury.

The referee, of course, can accept or reject the testimony of any witness, and this acceptance of competent medical testimony of another doctor is not a capricious disregard of the rejected testimony. *Nye v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 98, 401 A.2d 875 (1979). Thus, we cannot say that the referee capriciously disre-

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834, which provides in pertinent part:

Where any claim for compensation at issue before a referee involves 25 weeks or less of disability, either the employe or the employer may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the condition, . . . and such statement shall be admissible as evidence of medical and surgical or other matters therein stated. Findings of fact may be based upon such certificates or such reports.

[3] Although the claimant's compensation covered less than twenty-five weeks, the claimant here asserts that her claim of disability exceeds that period.

garded competent testimony[4] in concluding that the claimant failed to prove conclusively by clear and convincing evidence that all disability from her work-related injury had not disappeared at the time she executed the final receipt in question. *Kerchner v. Materials Transport Service, Inc.*, 29 Pa. Commonmonwealth Ct. 589, 372 A.2d 51 (1977).[5]

Accordingly, we affirm the decision of the board.

ORDER

Now, May 11, 1983, the order of the Workmen's Compensation Appeal Board, entered June 11, 1981, at Docket No. A-79923, is affirmed.

---

[4] Our scope of review where the party having the burden of proof has not prevailed below is limited to determining whether the "referee's findings of fact are consistent with each other and whether the conclusions of law can be sustained without a capricious disregard of competent evidence." *Hill v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 219, 222, 429 A.2d 771, 772 (1981).

For us to find a capricious disregard of competent evidence by the referee, "we must determine that he willfully and deliberately disbelieved an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge." *Snyder*, 50 Pa. Commonwealth Ct. at 229, 412 A.2d at 695.

[5] Where a claimant, in a petition to set aside a final receipt, resumes work with no loss of earning power and no obvious residual disability, the clear and convincing evidence necessary to show a continuing disability as contemplated in section 434 of the Act must be established by unequivocal medical testimony that the disability existed at the time the final receipt was signed. *Akers Central Motor Lines v. Workmen's Compensation Appeal Board*, 44 Pa. Commonwealth Ct. 185, 403 A.2d 206 (1979). Unlike *Akers*, however, where the claimant returned to work and subsequently had a reoccurrence of his injury, the claimant here asserts that she never recovered from her injury, and that she returned to work only at the urging of Dr. Pennell and her employer. However, because this dispute concerns whether the claimant's heel injury involved a residual disability of her work-related injury, we need not consider the standard expressed in *Akers*.