Myers, Jr. *v.* Unemployment Compensation
Board of Review.
Simoncelli *v.* Unemployment Compensation
Board of Review.

Argued December 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

642

*Jack R. Sparacino,* with him *Manderino and Sparacino,* for appellants.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, March 2, 1973:

The above two cases are essentially identical on the facts, were argued together, and can be decided together.

Appellant-claimants were members of Monongahela Valley Typographical Union Local 504, employed by employer, The Valley Independent, a division of Thomson Newspaper Publishing, Inc., in Monessen, Pennsylvania. This union was a member of the Mon Valley Trades Council. Another union which represented other workers at employer's plant went on strike on August 28, 1970. Appellant-claimants crossed the picket line established by the other striking union without incident and continued to work.

On September 4, 1970, the Mon Valley Trades Council established a second picket line some distance from the one established by the striking union. There was evidence offered that threats were made against appel-

lant-claimants and their families if the appellant-claimants crossed the second picket line which was established by the Mon Valley Trades Council of which appellant-claimants' union was a member. The testimony was to the effect that the alleged threats were from the Mon Valley Trades Council. Appellant-claimants did not cross the picket line established by the Mon Valley Trades Council in sympathy with the striking union.

After application was made for unemployment compensation, the Bureau of Employment Security rendered a decision in favor of the appellant-claimants, awarding compensation beginning September 11, 1970. This Bureau decision was appealed by the employer. On appeal, the Referee reversed the Bureau on February 16, 1971. Appellant-claimants appealed to the Board which remanded the cases to the Referee for further testimony. After reviewing the record of both hearings, the Board adopted the findings of the Referee and affirmed his decision determining that appellant-claimants were ineligible.

Two questions are raised by this appeal, one relatively simple under the decided cases and one that is not simple and is novel indeed.

The first is as to the appellant-claimants' eligibility for unemployment compensation. The Referee and the Board found that the threats that induced appellant-claimants to refuse to cross the picket line on September 4, 1970, were threats from its own union against crossing its own union's picket line. Finding of Fact No. 10 states: "Claimant and Members of the Monongahela Valley Typographical Union Local 504, refused to cross the picket line on September 4, 1970, in deference to the AFL-CIO mandate against crossing a fellow member union picket line." Since the findings of the Board are binding on this Court, if supported by evidence which is the instance here, it is quite clear that

the decision of the Board must be affirmed on the question of eligibility. *Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972). *Philadelphia Coke Division, Eastern Asosciated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

The other question which is not as clear and is somewhat unusual is whether appellant-claimants are entitled to unemployment benefits for the period September 11, 1970, when the Bureau determined them to be eligible, until February 16, 1971, when the Referee reversed the Bureau and determined them to be ineligible. Under the Pennsylvania Unemployment Compensation Law then in effect, benefits were not paid because the employer had appealed. Act of December 5, 1936, P. L. 2897 (1937) §501, as amended. Following the Referee's decision on February 16, 1971, of ineligibility in this case, the Supreme Court of the United States, on April 26, 1971, in the case of *California Department of Human Resources Development v. Java*, 402 U.S. 121, 91 S. Ct. 1347, 28 L. Ed. 2d 666 (1971), held a similar provision of the California statute suspending unemployment compensation payments when an employer appeals to be inconsistent with Section 303(a)(1) of the Social Security Act, 49 Stat. 626, as amended, 42 U.S.C. 503(a)(1) and enjoined the procedure. It is our opinion that the *Java* case, although the opinion was delivered after the Referee determined ineligibility, nevertheless applies. It is not a question of retroactivity. It is a simple question of statutory construction which must be considered to have been the applicable law since the passage of that provision of the Social Security Act: "Unless vested rights are affected, a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary

intervening holdings." *Kuchinic v. McCrory*, 422 Pa. 620, 625, 222 A. 2d 897, 900 (1966).

Another theory, discussed with approval by Justice ROBERTS in *Kuchinic*, which would award appellant-claimants compensation for this period, is in Justice ROBERT'S words: ". . . a party is given the benefit of a change in the law in order to prevent an injustice, especially when, as here, the other party could not have changed his position in reliance on the initial decision." *Kuchinic v. McCrory*, 422 Pa. at 625, 222 A. 2d at 900. On this theory, claimant-appellants would be given the benefit of the amendment to the Pennsylvania Unemployment Compensation Act which took place on September 27, 1971, making them eligible for payments during this period. Act of September 27, 1971, P. L. 460, §19.1, 43 P.S. 821(e).

Accordingly, we enter the following

### ORDER

The decision of the Unemployment Compensation Board of Review declaring appellant-claimants ineligible for benefits from February 16, 1971, is affirmed. The decision determining appellant-claimants to be ineligible for payments during the period September 11, 1970, until February 16, 1971, is reversed and the appellant-claimants awarded benefits for this period.

---

CONCURRING AND DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur with the majority that appellant-claimants were ineligible for the unemployment compensation benefits they claimed. I must, however, respectfully dissent from the majority conclusion that claimants are nonetheless entitled to receive benefits for the period September 11, 1970, to February 16, 1971, under the authority of *California Department of Human Re-*

sources Development v. Java, 402 U.S. 121, 91 S. Ct. 1347, 28 L. Ed. 2d 266 (1971). To apply Java retrospectively on the principle that the decision merely expresses what the law has always been is not warranted in this case. Retrospective application of its announced ruling was not in issue in Java. Nor, with the possible exception of newly declared constitutional rights, should the doctrine be applied where the consequences are unknown as is the case here. Furthermore, as a matter of statutory construction, to afford past claimants the benefit of the 1971 amendment to the Pennsylvania Unemployment Compensation Act with respect to this issue is contrary to the presumption against the retroactive effect of legislation absent a clear and manifest legislative intent to the contrary. Section 1926, Statutory Construction Act of 1972, Act of December 6, 1972, P. L.      (Act No. 290), 1 Pa. S. §1926.

Judge KRAMER joins in the dissenting portion of this opinion.

———

DISSENTING OPINION BY JUDGE KRAMER:

This dissent is respectfully submitted to the holding of the majority opinion as it applies to the appellant-claimants' eligibility for unemployment compensation under the record of this case and my view of the applicable law.

The majority relies primarily upon Finding of Fact No. 10 as found by the Referee and Board, which states: "Claimant and members of the Monongahela Typographical Union, Local 504, refused to cross the picket line on September 4, 1970 in deference to the AFL-CIO mandate against crossing a fellow-member union picket line."

The majority failed to cite what I believe to be fatally inconsistent Findings of Fact at paragraph numbers five, six and eight, which read as follows:

"5.  The Monongahela Valley Typographical Union, Local 504 is a member of the Mon Valley Trades Council, and the American Newspaper Guild is *not* a member of said Council." (Emphasis added.)

"6.  Claimant and the 30 other employees, members of his union, were able to and did cross the picket line of the Guild; however, on September 4, 1970, they were *effectively stopped* by the picket line erected by the Mon Valley Trades Council, and the *threats* of the Mon Valley Trade Council *kept claimant* and the members of his Local *from working thereafter.*" (Emphasis added.)

"8.  The Mon Valley Trades Council entered into this dispute *against the interests* of one of its members, the Monongahela Typographical Union, Local 504, on behalf of a non-member, for the reason that the editorial policy of The Valley Independent was allegedly 'anti-labor.'" (Emphasis added.)

I conclude that the Referee and Board made inconsistent findings. There is a finding that there were threats which kept these appellant-claimants from working, made by an association of AFL-CIO labor unions against the interests of the appellant-claimants and their union, and then there is an inconsistent finding that the appellant-claimants refused to cross the picket line out of deference to the "AFL-CIO mandate."

The Referee and Board concluded that the appellant-claimants were disqualified or precluded from unemployment compensation benefits under Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, 2d Ex. Sess., P. L. (1937) 2897, art. IV, §402, as amended, 43 P.S. 802(d). This section reads as follows: "An employe shall be ineligible for compensation for any week—(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was

last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute."

As I read the record in this case, the appellant-claimants were not directly interested in the labor dispute because it was the American Newspaper Guild, Local 61 which was engaged in the strike and not the Monongahela Typographical Union, Local 504. The appellant-claimants were not members of the Mon Valley Trades Council; rather they were members of Local 504. The findings of the Referee and Board make it very clear that Local 504 was the member of the Mon Valley Trades Council. There is not one shred of evidence anywhere in this record which would indicate that the appellant-claimants were *members* of the Mon Valley Trades Council. There is not one piece of evidence which would indicate that the appellant-claimants were card-carrying members of the Mon Valley Trades Council or that they owed any duty or responsibility, contractual or otherwise, directly to the Mon Valley Trades Council. Although the Unemployment Compensation Board of Review contends that there is a publication of the Mon Valley Trades Council (which was introduced as an exhibit) setting forth the sympathetic position of Local 504 to the strike of Local 61, a careful reading of that exhibit in no way indicates that Local 504, or any of its members, agreed to honor the action of the Mon Valley Trades Council or Local

61. As a matter of fact, Finding of Fact No. 8, quoted above, would indicate that Local 504 was opposed to the action of the Trades Council. Lastly, the appellant-claimants do not belong to the same grade or class of workers which were on strike.

Based upon this reasoning, I conclude that the Referee and Board committed an error of law in disqualifying the appellants-claimants under Section 402(d) of the Law. I would remand[1] the case back to the Board with directions to issue an order under the Unemployment Compensation Law not inconsistent herewith.

Judge CRUMLISH, JR., joins in this Dissenting Opinion.

---

[1] I have joined in the dissent of the President Judge on the basis of the principle of law he there espouses and not on the result of the case. I make this note for the purpose of explainng what might otherwise appear to be an inconsistency. Under the reasoning of my dissent, the issue covered by the President Judge would not be involved.