Anthony T. McGartland, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and AMPCO-Pittsburgh Corp., Respondents.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*David M. McCloskey,* with him *Will & Keisling,* for appellees.

OPINION BY JUDGE WILKINSON, JR., January 23, 1979:

Following a work-related injury to his left hand in the course of his employment as a die setter, a compensation agreement provided payments for the loss of the index, middle and ring fingers of claimant's left hand. Subsequently claimant returned to work as a payroll and insurance clerk at no loss in earnings.

The matter is before us now as a result of a petition for review alleging loss of the use of the left hand for all practical intents and purposes. The referee found that the claimant had lost the use of the hand for all practical intents and purposes within the meaning of Section 306 (c)(24) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(24).

On appeal, the Workmen's Compensation Appeal Board (Board) after viewing the claimant's left hand, unanimously reversed the referee and dismissed the review petition of claimant. We affirm.

All the issues raised here have been considered and decided by this Court in the recent decision of *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977). There the referee had found no loss of use of the hand but was reversed by the Board which viewed the hand. We there concluded that *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) did not control since the mere viewing of the hand constituted the taking of new testimony by the Board. "In the case at hand, the referee's finding was apparently vacated by the Board because it believed that the finding was not supported by competent evidence." *Westinghouse Electric, supra,* 33 Pa. Commonwealth Ct. at 53, 381 A.2d at 192. In the instant case it is clear that this was what the Board did. We quote from the Board's opinion:

> Normally, we would be powerless to intervene and would have to sustain his [the referee's] award if competent evidence can support it. However, during the argument of this case, this Board had occasion to observe Claimant's hand and his ability to function with it. Since we made this observation, we have in effect taken additional testimony and are not bound by the Referee's Findings of Fact. We are of the unanimous decision that according to the dictates of Section 306(c) the claimant has not suffered the loss of use of his left hand for all practical intents and purposes.

*See Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974).

Accordingly, we will enter the following

### ORDER

AND Now, January 23, 1979, the Order of the Workmen's Compensation Appeal Board entered to No. A-71793, dated February 17, 1977, dismissing claimant's Review Petition is affirmed.

---

### DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent. As the majority opinion indicates, Claimant seeks workmen's compensation benefits for loss of the use of his left hand for all practical intents and purposes under Section 306(c) of the Act. The referee found in Claimant's favor. The employer appealed.

At *argument,* the Claimant was present and during the course of the *argument* the Board observed the Claimant's hand ''and his ability to function with it.'' The Board concluded, ''we have *in effect* taken additional testimony and are not bound by the referee's findings of fact.'' (Emphasis added.)

Certainly there is no dispute that the Board is authorized to hear other evidence under the provisions of Section 423 of the Act, 77 P.S. §854. As noted in the majority opinion, both *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974) and *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977) are cases where the Board has reversed a referee on the basis of the Board's own view of the claimant's injury. The important difference between those cases and the instant case is that in the prior cases the Board made its observations at a *hearing* where

presumably there was a record for this Court to review and at the very least the Claimant was on notice that a *hearing* would be held.

In my judgment, the decision of the majority in the instant case means that any claimant who desires to attend oral argument before the Board does so at the risk of being observed by the Board at that time and having the Board substitute its findings for that of a referee based upon what the Board *observes*. I think such a procedure does not conform with either the intent or the spirit of the Act. I would reverse and remand to the Board for the purpose of taking additional testimony.