Akers Central Motor Lines and Aetna Life & Casualty, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Gerald Gray, Respondents.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Lowell A. Reed, Jr.*, with him *Rawle and Henderson*, and, of counsel, *William G. Adamson*, for petitioners.

No appearance for respondents.

OPINION BY JUDGE WILKINSON, JR., July 11, 1979:

The issue in this case is whether or not there is substantial evidence to support the referee's finding that claimant's disability had not terminated at the time a final receipt was executed. Because we have determined that the claimant failed to sustain his burden of proof in adducing sufficient evidence to support the finding, we will reverse the order of the Workmen's Compensation Appeal Board affirming the referee's determination setting aside the final receipt.

The claimant was employed by the respondent, Akers Central Motor Lines, as a truck driver from 1970 to 1976. On February 4, 1975, claimant injured his back while unloading freight in the course of his employment and received disability benefits pursuant to a Notice of Compensation Payable until January 5, 1976 when he returned to work and executed the final receipt in question.

On July 12, 1976, claimant filed a petition to set aside the final receipt alleging that on May 24, 1976 he had a recurrence of his back problem and was unable to return to work at his former employment. The employer and its insurance carrier[1] denied the existence of any disability resulting from the February 4, 1975 incident and the matter was heard before the referee on four separate dates. Claimant testified that he had originally injured his back at work in 1970; that following his return to work in January 1976 he continued to suffer back problems which he initially attributed to inactivity; and that when he resumed work he performed the same duties as before his injury, *i.e.*, heavy lifting and moving freight, with

---

[1] The brief of petitioner, Aetna Life & Casualty Company, indicates that at the time of the signing of the final receipt and thereafter Liberty Mutual Insuance Company and not Aetna was the employer's insurance carrier.

no loss of time or earning power until May 1976. Claimant's medical witness, Dr. William J. Cassidy, a Board-certified orthopedic surgeon, testified that he diagnosed claimant's injury of February 4, 1975 as a herniation of an inter-vertebral disc at L4-L5 for which conservative treatment had been prescribed, this treatment ending on December 23, 1975. Dr. Cassidy further testified that claimant was next examined on May 3, 1976 at which time claimant stated that his pain recurred when he lifted something heavy at work. Dr. Cassidy opined that claimant's back problems stemmed from the 1970 injury and that the injuries of February 4, 1975 and May 3, 1976 were reinjuries or aggravations of the original (1970) injury.

Finding pertinently that claimant, "as a result of his injury, now suffers from a herniated disc at L4-L5," the referee concluded as a matter of law that "Claimant has met his burden of proof by showing that both the nature and extent of his disability were not contemplated at the time the Final Receipt was signed and that his total disability recurred on May 24, 1976 as a direct result of the work-related injury to him of February 4, 1975." This is directly contrary to Dr. Cassidy's testimony that it was the result of a new injury on May 3, 1976.

When attempting to set aside a final receipt pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001 the claimant has the burden of conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not, in fact, terminated when the final receipt was executed. *Workmen's Compensation Appeal Board v. Page Steel & Wire Division*, 20 Pa. Commonwealth Ct. 414, 341 A.2d 576 (1975).

Where the claimant in a petition to set aside a final receipt resumes work with no loss of earning power

and no obvious residual disability, we believe the clear and convincing evidence necessary to show a continuing disability as contemplated in Section 434 of the Act must be established by unequivocal medical testimony that the disability existed at the time the final receipt was signed. *Cf. Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). Our attention, therefore, must be focused on the testimony of Dr. Cassidy, claimant's medical witness. After a careful review of this testimony we find it does not support a finding that claimant's present back problems stem from the injury he sustained on February 4, 1975. Dr. Cassidy's testimony on claimant's condition following this injury is as follows:

> He was last seen on 12/23/75 and he was to return to work on 1/5/76. . . . He went to work on 1/5/76. He then returned on 5/3/76 stating that he had lifted something heavy at work a week ago and his pain recurred.
>
> . . . .
>
> Q. Would you tell us in your opinion what the origination of this injury was?
>
> A. He has a long history of back pain and the original problem apparently started in 1970. . . . The original injury apparently occurred in 1970 and then he re-injured it again on 2/4/76 and re-injured it again on 5/3/76 or 5/4/76.

Further, on cross-examination Dr. Cassidy was asked, "Do you basically agree . . . that it was the heavy work that he was doing [after claimant returned to work and signed the final receipt] that caused his back to become symptomatic?" Dr. Cassidy answered, "I would, yes." From this testimony it is apparent that although claimant's expert witness may have testified unequivocally as to the nature of his disability, his

testimony fails to provide the vital connection to the February 4, 1975 injury necessary to sustain claimant's burden and justify setting aside the final receipt, *i.e.*, that claimant was disabled at the time the final receipt was executed. Inasmuch as the May 3, 1976 injury was described as a re-injury the proper procedure for claiming disability would have been through the filing of a new claim petition rather than the filing of a petition to set aside an old final receipt.

Accordingly, we will enter the following

ORDER

AND Now, July 11, 1979, the decision of the Workmen's Compensation Appeal Board, at Docket No. A-74205, dated June 7, 1978, affirming an order of the referee awarding compensation to the claimant, Gerald A. Gray, is reversed, and the order of the referee is hereby vacated and claimant's petition to set aside a final receipt is hereby denied.