William C. Ferguson, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Helen Mining Company, Respondents.

Argued November 20, 1980, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John B. McCue, McCue, Bertocchi & Heim,* for petitioner.

*Paul E. Sutter,* with him *George H. Thompson, Hirsch, Weise & Tillman,* for respondents.

OPINION BY JUDGE MACPHAIL, December 17, 1980:

William C. Ferguson (Claimant) suffered a work related "back strain" injury on July 22, 1975 for which Claimant received workmen's compensation benefits under a Notice of Compensation Payable entered into between Claimant and his employer. He continued to receive benefits pursuant to that agreement until August 18, 1975 when he returned to work. On September 8, 1975 a supplemental agreement was entered into reinstating benefits as of August 19, 1975 because disability from the July 22 injury had recurred. After executing another final receipt, Claimant again returned to work on April 26, 1976 without loss of earning power and continued to work until

February 11, 1977 when he quit because of back pain. On January 2, 1978, he underwent surgery for a herniated disc.

Claimant petitioned to set aside the final receipt he executed on April 26, 1976. After several hearings including a remand hearing ordered by the Workmen's Compensation Appeal Board (Board), the referee dismissed the petition finding, *inter alia*, that the Claimant had failed to prove that the problem with his back in 1977 was related to any specific incident at work and that no competent medical evidence had been submitted to show a relationship between the herniated disc and the original injury of July 22, 1975. The Board affirmed the referee and this appeal followed.

Where a claimant seeks to set aside a final receipt, the burden is upon him to prove by clear and convincing evidence that all disability attributable to the original injury had not terminated when the final receipt was executed. *Akers Central Motor Lines v. Workmen's Compensation Appeal Board*, 44 Pa. Commonwealth Ct. 185, 403 A.2d 206 (1979). Moreover, where the claimant returns to work with no loss of earning power and no obvious residual disability, the clear and convincing evidence required of claimant must take the form of unequivocal medical testimony that the current disability existed at the time the final receipt was signed. *Id.*

The record before us indicates that although Claimant contends that he continued to suffer back pain between April 26, 1976 and February 11, 1977, he did not seek medical attention during that period of time. The only medical evidence offered by Claimant in the record before us consists of two letters from a Dr. Victoria Smith to a Dr. William Davison.[1] One of

---

[1] The record indicates that the referee on several occasions extended the time in which Claimant could produce his medical evidence.

Dr. Smith's letters doesn't mention the 1975 injury while the other letter merely notes the prior injury as part of the history given to the physician by the Claimant. Both letters were written after Claimant's surgery was performed. It also appears that Dr. Smith never examined the Claimant until October of 1978. We must agree with the referee's finding that there is *no* competent medical evidence to show a relationship between the herniated disc and the injury which occurred on July 22, 1975. More importantly, there is no unequivocal medical evidence that Claimant's current disability existed at the time he signed his final receipt. Nevertheless, Claimant argues to us that since Dr. Smith opined that Claimant was totally disabled by reason of his back problem and since Claimant told that physician about his back injury which occurred several years previously and since the *employer* had failed to prove that Claimant's present disability was not the result of the 1975 injury, the referee and the Board had erred. Of course, as we have noted herein, the burden is upon the Claimant to prove that all disability attributable to the original injury had not terminated when he signed the receipt and not upon the employer to disprove it. Obviously, Claimant's argument is contrary to the law.

On the record before us, we are compelled to hold that Claimant has failed to sustain his burden of proof. Accordingly, the Board's order will be affirmed.

### Order

And Now, this 17th day of December, 1980, the order of the Workmen's Compensation Appeal Board, entered to Docket No. A-77028 on September 13, 1979, affirming the referee's decision denying benefits to William C. Ferguson is affirmed.