Babcock & Wilcox Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Forrest, Respondents.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*George John Steffish, III,* for petitioner.

*Roy F. Walters,* with him *Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondent, Charles Forrest.

OPINION BY JUDGE MACPHAIL, December 3, 1981:

Babcock & Wilcox Company (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision and awarded compensation to Charles Forrest (Claimant) for the loss of use of one-half of his right thumb for all practical intents and purposes, pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

Claimant sustained an injury to his right thumb on July 19, 1978 while in the course of his employment

with Petitioner and was paid compensation pursuant to a notice of compensation payable beginning on July 28, 1978. Claimant returned to work on October 23, 1978 and executed a final receipt on October 24. On May 23, 1979, Claimant filed a petition to review the notice of compensation payable, later amended to be a petition to set aside the final receipt, alleging that he had lost the use of one-half of his right thumb as a result of his work-related injury. Based on two conflicting medical reports and the referee's personal observation of the injured thumb at a hearing, the referee determined that Claimant "as a result of his July 19, 1978 injury continues to suffer an undetermined partial disability involving his right thumb which is not at this time reflected in a loss of earning power." The referee also concluded that Claimant had not suffered the loss of use of one-half of his right thumb. Accordingly, the referee set aside the final receipt but ordered that compensation be suspended effective October 23, 1978, the date Claimant returned to work. On appeal, the Board reversed the referee's order based on the Board's own observation of the injured thumb.[1]

The issue raised by the instant appeal is whether the Pennsylvania Supreme Court's recent decision in

---

[1] The Board's opinion states:

*At the time of argument,* claimant appeared before this board and this board observed the injured thumb and use of said thumb by the claimant. (Emphasis added.)

Petitioner's brief asserts that questions were also asked of the Claimant by members of the Board. No record was made of the proceedings before the Board. In those cases where the Board is authorized to take other evidence under the provisions of Section 423 of the Act, 77 P.S. §854, we believe it must follow appropriate procedures including notice to the parties that additional evidence will be received and maintenance of a proper record. 2 Pa. C. S. §504.

*McGartland v. AMPCO-Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980) should have been applied by the Board in deciding the instant case, which was pending before the Board when the *McGartland* decision was filed.

Following the 1972 amendments to the Act, this Court construed Section 423 of the Act, 77 P.S. §854,[2] and held that the Board cannot take additional evidence and substitute its own findings of fact for those of the referee where the Board finds that the referee's decision is supported by competent evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). In disfigurement and specific loss cases, however, we concluded that *Forbes* was not controlling and that the Board could take other evidence by viewing the injury itself and could substitute its own findings for those of the referee. *Westinghouse Electric Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977) and *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 25 Pa. Commonwealth Ct. 542, 360 A.2d 854 (1976).

In *McGartland,* our Supreme Court, citing the *Forbes* case, stated:

Where the referee's findings are supported by competent evidence, the Board cannot take ad-

---

[2] Section 423 of the Act, 77 P.S. §854, provides as follows:

In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so found by it may require.

ditional evidence and substitute its own findings of fact for those of the referee. . . . *Cases involving loss of use do not fall within any exception to this rule.*

*Id.* at 207, 413 A.2d at 1087 (emphasis added, citation omitted). In the instant case, the referee's decision was clearly based on competent evidence[3] and the Board did not find otherwise. Thus, if *McGartland* is applied to the instant case, the Board must be reversed for having taken additional evidence and making its own findings, when the referee's decision was supported by competent evidence.

We conclude that the Board should have followed the *McGartland* decision in ruling on the instant case.[4] "Unless vested rights are affected, a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary intervening holdings. . . . In such circumstances, the latest interpretation is applicable to a case whose appeal has not yet been decided." *Kuchinic v. McCrory*, 422 Pa. 620, 625, 222 A.2d 897, 900 (1966) (citation omitted, footnote omitted). It is true that a new decision may be given prospective application where it establishes a new legal principle, *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977); however, such is not the case here. In construing a statute, the court's interpretation is considered to be a declaration of the applicable law as enacted by the legislature. *Myers, Jr. v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 640, 300 A.2d 917 (1973). We believe that *McGartland*

---

[3] The referee's findings are supported by the opinion of Claimant's treating physician, the referee's own observation of the injured thumb and Claimant's testimony.

[4] *McGartland* was filed by the Supreme Court on May 2, 1980. The Board's decision in the instant case was filed on July 17, 1980.

did not establish a new principle of law;[5] rather, the Supreme Court's construction of Section 423 of the Act must be considered to have been the law since the enactment of that provision. Accordingly, we must hold that the *McGartland* decision is applicable to the instant case and should have been followed by the Board in deciding the appeal.

Finally, we are satisfied from our review of the record that the referee's findings relative to his decision to set aside the final receipt are supported by substantial evidence and that the findings relative to the denial of specific loss benefits were not made in capricious disregard of the evidence. We also conclude that the referee has committed no errors of law.[6]

We, accordingly, will reverse the order of the Board.

---

[5] Even if a new principle of law was established by the *McGartland* decision we would nevertheless deny prospective application of that principle, since we do not believe the purposes of the Act would be benefited thereby. *See Schreiber.* As we recognized in *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 183, 305 A.2d 757, 761 (1973). "A [statutory] change in the Board's scope of review has been held to be a procedural matter and applicable, therefore, to litigation then in progress." A like result should obtain from judicial construction of that statutory amendment.

[6] Claimant sustained his burden of proving before the referee by clear and convincing evidence that all disability from his original injury had not terminated when the final receipt was executed. *Ferguson v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 394, 423 A.2d 63 (1980). Our scope of review, therefore, is to determine whether the findings of fact are supported by substantial evidence or whether an error of law has been committed. *Jones & Laughlin Steel Corp.* Claimant, however, failed to sustain his burden of proving that he has suffered the permanent loss of use of one-half of his right thumb for all practical intents and purposes. *See Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1976). Accordingly, our scope of review

ORDER

AND Now, this 3rd day of December, 1981, the order of the Workmen's Compensation Appeal Board, dated July 17, 1980, is reversed and the order of the referee dated October 16, 1979 is reinstated.

---

on that issue is limited to determining whether the findings are consistent with each other and with the conclusions of law and can be sustained without capriciously disregarding competent evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 509, 422 A.2d 228 (1980).