Johnston Business Forms, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stanley Antonace, Respondents.

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Joseph B. Bagley*, with him *Patrick J. Loughney, Bagley, Loughney & McCormick*, for petitioner.

*Edward Jaffee Abes*, for respondent, Stanley Antonace.

OPINION BY JUDGE MENCER, January 7, 1982:

Johnston Business Forms, Inc. (employer) has appealed from an order of the Workmen's Compensation Appeal Board which upheld a referee's decision to grant the petition of Stanley Antonace (claimant) to set aside a final receipt. We affirm.

On August 28, 1978, the employer executed a notice of compensation payable, pursuant to Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §731. According to this document, the claimant was injured in a job-related incident on April 7, 1978. His injury was described as "strain—right shoulder." The notice also stated that the claimant became disabled on June 16, 1978 as a result of this injury but that he returned to work on July 17, 1978.

On August 29, 1978, the claimant executed a final receipt, pursuant to Section 434 of the Act, 77 P.S. §1001, and was paid $426 in compensation for 4 weeks of disability.[1] On February 2, 1979, the claimant executed a petition to set aside the final receipt, al-

---

[1] The claimant testified before the referee that he had read the final receipt form before signing it but had not understood it.

leging that his disability due to the incident of April 7 had not ceased at the time the final receipt was executed.

The claimant testified before the referee that he awoke on August 26, 1978 with severe pain in his shoulder and back and that this pain prevented him from working thereafter. He produced the deposition of his personal physician, Frederick Kurn, D.O., who testified that he had begun treating the claimant on April 7, 1978 for tendonitis of the right shoulder caused by an incident at work on that date, that he treated the claimant on August 28, 1978 for the same condition, and that the condition persisted until the time of his deposition on August 9, 1979.

The employer introduced the deposition of its medical expert, Joseph Novak, M.D., who testified that he had examined the claimant on June 25, 1979 and found him to be suffering from "adhesive capsulitis" of the right shoulder. Dr. Novak indicated that he had no knowledge of whether this was the same condition from which the claimant had suffered in June and July of 1978 but that it could have resulted from the incident of April 7.

The referee found that the claimant's disability was the result of a work-related injury incurred on April 7, 1978 and that it had not ceased at the time the claimant executed the final receipt. The referee indicated that the condition which resulted in disability was either tendonitis or adhesive capsulitis,[2] but he did not resolve this conflect between the two

_____

2 "Tendonitis" or "tenontitis" is the "[i]nflammation of a tendon," Stedman's Medical Dictionary 1261 (22d ed. 1972), while "capsulitis" is the "[i]nflammation of the [membraneous structure enveloping an organ or any other part, or a joint]," *id.* at 200-01. Use of the word "adhesive" indicates that the condition restricts flexibility.

doctors. Based upon his findings of fact, the referee set aside the final receipt.

In *Akers Central Motor Lines v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 185, 187-88, 403 A.2d 206, 207 (1979), this Court discussed the claimant's burden of proof in a petition to set aside a final receipt:

> When attempting to set aside a final receipt pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001 the claimant has the burden of conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not, in fact, terminated when the final receipt was executed. . . .
>
> Where the claimant in a petition to set aside a final receipt resumes work with no loss of earning power and no obvious residual disability, we believe the clear and convincing evidence necessary to show a continuing disability as contemplated in Section 434 of the Act must be established by unequivocal medical testimony that the disability existed at the time the final receipt was signed.

(Citation omitted.) In the present case, the claimant satisfied his burden with the testimony of Dr. Kurn, who unequivocally stated that from August 28, 1978 until the time of the deposition the claimant continued to be disabled as a result of the incident of April 7.

Dr. Kurn's testimony was not rendered equivocal, as the employer argues, by the referee's failure to decide whether the claimant suffered from tendonitis or adhesive capsulitis. Each doctor testified that the condition was traumatically induced and that it caused

severe pain in the right shoulder. Dr. Kurn expressly linked the condition to the April 7 incident while Dr. Novak expressed no opinion beyond stating that the condition was "consistent with" the incident of April 7. Based upon this evidence, we are convinced that the claimant satisfied his burden of proof, regardless of whether the correct clinical name for his condition was "tendonitis" or "adhesive capsulitis."[3]

Therefore, we will enter the following

ORDER

AND Now, this 7th day of January, 1982, the order of the Workmen's Compensation Appeal Board, dated May 22, 1980, which affirmed the determination of the referee and dismissed the appeal of Johnston Business Forms, Inc., is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

[3] The major difference between the views of the two doctors is the recommended treatment, which is irrlevant to the narrow issue before us.