Carl D. Wool, Petitioner *v.* Workmen's Compensation Appeal Board (Wool's Block Works), Respondents.

Submitted on briefs in Special Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*David R. Bahl, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht,* for petitioner.

*James M. Scanlon, Scanlon, Howley & Scanlon,* for respondent, Wool's Block Works.

OPINION BY JUDGE BLATT, October 5, 1982:

Carl D. Wool (claimant) appeals here from the denial of his petition to set aside a final receipt for workmen's compensation benefits. The Workmen's Compensation Appeal Board (Board), which reversed the referee's decision, held that the claimant had failed to present unequivocal medical testimony that his current disability existed when the final receipt was signed.

During the course of his employment, the claimant slipped from a truck and landed on his back, sustaining a lumbar strain. Although this fall occurred on November 25, 1976, he continued working until January 10, 1977, when he left work for a period of three months. He received disability benefits from January 10, 1977 until April 9, 1977, and returned to work on April 15, 1977, without loss of earning power. He executed a final receipt on June 1, 1977.

Upon returning to work, the claimant had resumed his duties of carrying and loading cinder and concrete building blocks ranging in weight from six to 75 pounds, and averaging 45 pounds. On August 26, 1977, four months later, he again left work, however, claiming that the residual effects of his initial injury prevented him from working any longer. He filed a petition on May 12, 1978 to set aside the final receipt, alleging that the second disability resulted from the original work injury of November 25, 1976.

To set aside a final receipt pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[1] a claimant has the burden of conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not terminated when the final receipt was executed. *Akers Central Motor Lines v. Workmen's Compensation Appeal*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001.

*Board,* 44 Pa. Commonwealth Ct. 185, 403 A.2d 206 (1979). Furthermore, in cases such as the instant one wherein the claimant has returned to work with no loss of earning power and with no obvious residual disability, his burden of proof is met only by clear and convincing evidence in the form of unequivocal medical testimony that the current disability existed at the time that the final receipt was signed. *Ferguson v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 394, 423 A.2d 63 (1980). The claimant, who had the burden of proof, prevailed before the referee and the Board took no additional evidence, so our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact of the referee was unsupported by substantial evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

The sole issue for our determination, therefore, is whether or not the Board erred in determining that there was no unequivocal medical evidence here to support the claimant's contention that the current disability existed at the time he executed the final receipt.

The employer offered the testimony of Dr. Charles Sutliff, a Board-certified specialist in physical medicine and rehabilitation. After administering tests between March 21, 1977 and April 4, 1977, Dr. Sutliff advised the claimant to return to work, because in his professional opinion, based upon reasonable medical certainty, the claimant was able to return to work in April of 1977 and was not then suffering from any disability. Dr. Sutliff further testified that he examined the claimant on five later occasions during September of 1977 and February of 1978, and eventually referred him to a Dr. Straley, an orthopedic physician, for a second opinion. Because every examination and test

administered by both of these physicians failed to reveal any organic cause to justify the claimant's complaints, Dr. Sutliff then referred him to a clinical psychologist, who administered a Minnesota Multiphasic Personality Inventory (MMPI), and determined that the claimant showed the classic pattern of a conversion hysteria hypochondrical depressed individual. The claimant was then referred to a psychiatrist.

Medical testimony was also offered through a deposition by Dr. Fred G. McMurry, who is Board-certified in neurosurgery, and who deposed that he began treating the claimant on February 12, 1979, over three years after the initial injury. Dr. McMurry operated on the claimant on February 19, 1979, and removed a herniated L-5 disc. Nowhere in his testimony, however, did Dr. McMurry establish a causal connection between the accident of November 25, 1976 and the operation on February 19, 1979. In fact, when asked if he had an opinion based on reasonable medical certainty as to the cause of the herniated disc, Dr. McMurry answered, "I can never tell the cause."

Clearly, the medical testimony presented by the claimant does not meet the test of being unequivocal. And, we have previously held, medical testimony which is less than positive or is based on possibilities does not constitute legally competent evidence in support of showing the causal link between an injury and a person's employment. *Kosobucki v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 327, 410 A.2d 1315 (1980).

Our review of the record, therefore, persuades us that the Board correctly concluded that the medical testimony was equivocal, and that it could not constitute a valid evidentiary basis for determining that the current disability existed at the time that the final receipt was signed. We will therefore affirm the Board's order.

ORDER

AND NOW, this 5th day of October, 1982, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.