Harry W. Anderson, Petitioner *v.* Workmen's Compensation Appeal Board (Penn Dairies, Inc.), Respondents.

Submitted on briefs December 7, 1983, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*D. Frederick Muth, Rhoda, Stoudt & Bradley,* for petitioner.

*Richard A. Bausher, Stevens & Lee,* for respondent, PMA Insurance Company.

OPINION BY JUDGE BLATT, February 10, 1984:

Harry W. Anderson (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) affirming a decision by the referee which de-

nied benefits pursuant to Section 301(c)[1] of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, and also denied a petition to set aside a final receipt pursuant to Section 434 of the Act, 77 P.S. §1001.

The claimant was employed by Penn Dairies, Inc. (employer) as a delivery man until January of 1978, when he sustained injuries to his back at work. He received benefits until August of 1978, whereupon he executed a final receipt and returned to work. In January of 1979, he complained of back and chest pains and again stopped working until September of 1980, when he resumed employment with another employer.

The claimant contends that the Board erred in denying his petition to set aside the final receipt he had signed claiming specifically that the Board capriciously disregarded competent evidence presented on his behalf, which was the only expert testimony presented at the hearing and which he says clearly establishes that he was disabled as a result of the residual effect of his prior injuries.

Section 434 of the Act, 77 P.S. §1001, provides:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition

---

[1] We assume that the claimant is not pursuing his Section 301 (c) claim in this appeal. We predicate this assumption on the following statement found in his brief: "[i]t is conceded that the evidence does not establish a causal link between this problem and the claimant's employment."

filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

Where the decision below is against the party with the burden of proof, our scope of review, of course, is limited to determining whether or not there was an error of law, findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). And, in an action to set aside a final receipt, the burden is upon the claimant of "conclusively proving by clear and convincing evidence that all disability attributable to the prior injury had not, in fact, terminated when the final receipt was executed." *Gray v. Akers Central Motor Lines,* 44 Pa. Commonwealth Ct. 185, 187, 403 A.2d 206, 207 (1979). A capricious disregard of competent evidence, of course, is defined as a wilful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick),* 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983).

A careful review of the record here persuades us that, although the claimant testified on his own behalf and, although only one expert witness testified, we can not say that the Board capriciously disregarded competent evidence. On direct examination, the expert witness testified that:

Q. As of the last time you saw Mr. Anderson, Dr. Lignelli, in your opinion was he disabled to any extent?

A. I think he was, yes.

Q. Would you tell us to what extent?

A. This is always difficult to be black and white about I think that—I think he had both a physical and a psychological disability. I think that he was distressed for a long time, that he continued to suffer with discomfort in his back and legs and neck and shoulders to a point where he feared doing anything physical because doing those things would precipitate pain, and thus he had a component of suffering with all of this. I think he was disabled from a degenerative arthritis and residual of his old ruptured disc to the point where probably doing a lot of lifting, bending, twisting would be not within his realm. I think he could do them, but I think they precipitated discomfort.

Q. Did I understand you to say that his physical disability was the result of a combination of his degenerative arthritis and ruptured disc?

MR. ALEXANDER: I object to the question.

THE WITNESS: Do I answer that now?

MR. BAUSHER: Even though we object, you still answer it.

THE WITNESS: I still answer it, I would say yes, that is correct.

On cross-examination, however, he testified as follows:

Q. Is it possible, doctor, that these complaints of pain in the leg and whatever nerve root irritation was causing them could be a function of this *degenerative arthritis as opposed to any residual connection to the laminectomy?* (Emphasis added.)

A. Yes, it is.

Q. Is there any way to definitively establish which of those two factors may be the cause?

A. That is very difficult. I think it is presumptuous.

It is clearly within the province of the referee to determine questions of credibility and to choose what testimony to believe, *including inconsistent testimony by the same witness. Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 161, 170, 409 A.2d 486, 490 (1979).[2]

We will, therefore, affirm the decision of the Board.

### ORDER

AND Now, this 10th day of February, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[2] The claimant also argues that the referee erred by failing to adhere to the rule established by our Supreme Court in *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968), which held that "once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining." *Id.* at 458, 246 A.2d at 674. The claimant's argument fails for want of legal merit inasmuch as the rule of *Barrett* is not applicable *until* the claimant has proven a work-related injury.